Samuel Henderson (SBN: 279717)
henderson@hendersonconsumerlaw.com
2182 El Camino Real, Suite 202
Oceanside, CA, 92054
(760) 575-4594
(760) 688-3732

Attorney for Plaintiff,
Alfredo Padilla

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO PADILLA<br><br>              Plaintiff,<br><br>vs.<br><br>EQUABLE ASCENT FINANCIAL, LLC and DOES 1 through 10<br><br>              Defendant. | Civil Action No. **'13CV1377 WQHBLM**<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>(Violations of the Fair Debt Practices Act, Rosenthal Fair Debt Practices Act, Identity Theft) |

# COMPLAINT

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code. § 1788, *et seq.* (hereinafter "RFDCPA") that prohibits

debt collectors from engaging in abusive, deceptive, and unfair practices.  A claim is also brought for Defendant's violation of the California's Identity Theft Statute, Cal. Civ. Code § 1798.92-1798.97.

## II. JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## III. PARTIES

4.      Plaintiff, Alfredo Padilla, is a natural person residing in this district.

5.      Defendant, Equable Ascent Financial, LLC (hereinafter "Equable" if used singularly, or "Defendants" if grouped with all Defendants) is a Delaware limited liability company engaged in the business of collecting debts in this state with its principal place of business located at 1120 W Lake Cook Road Suite B, Buffalo Grove IL 60089.  The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6.      Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and the RFDCPA, CAL. CIV. CODE § 1788.2.

## IV. FACTUAL ALLEGATIONS

7.      Several years ago Alfredo Padilla had a credit card account that was either owned by Chase Bank USA, N.A. (hereinafter "Chase"), or has been sold to or purchased by Chase at a later time.  That card was lost and believed to be stolen.  Mr. Padilla reported the card lost and stolen to his credit card company of that time and

1  was informed that the card would be deactivated with that account to be closed.  Soon
2  thereafter Mr. Padilla received a credit card statement with substantial new charges
3  on it that he never charged, never gave authorization to charge, and never received
4  any benefit from.  Mr. Padilla called the card company to dispute the charges and
5  again informed them that the card had been lost or stolen and reiterated that he
6  previously had informed the card company of this fact and had asked for the account
7  to be closed.  The card company refused to remove the charges and told Mr. Padilla
8  that he would have to pay for the charges.

9      8.    Mr. Padilla refused to pay for the fraudulent charges as he had promptly
10 notified the card company of the lost or stolen card and had closed his account. Mr.
11 Padilla called the San Marcos police department to file a report that his credit card
12 was lost and stolen.  Upon information and belief, soon thereafter the card company
13 charged off the account.

14     9.    Defendant allegedly purchased the account, referenced as XXXX-
15 XXXX-XXXX-7013 by Defendants in the underlying state court debt collection case,
16 (hereinafter "Account") on or around April 25, 2011.  At some point Defendant
17 started collecting on the Account using interstate mail and telephone systems.

18     10.    At various dates Defendants contacted Mr. Padilla by sending him mail.
19 Mr. Padilla also communicated with the Defendants on the telephone, repeatedly
20 reiterating that the card charges were not his, that he had reported the card lost and
21 stolen, and that he did not owe Equable any amount. At no time was Mr. Padilla
22 informed to write to Defendants to inform them that the charges were the result of
23 identity theft nor did they inform him what items, if any, had to be sent to Defendants
24 in order for them to investigate the claim.  On the contrary, Defendants repeatedly
25 told Mr. Padilla that it was his obligation and he had to pay it.

26     11.    Throughout Mr. Padilla's communications with Defendants, Defendants
27 acted in a hostile manner, repeatedly saying he owed it, stating that they could
28 damage his credit, stating that he could lose his house, making statements that Mr.

Padilla could go to jail because of this issue, and otherwise making Mr. Padilla feel as if he was a criminal.

12. On June 13, 2012 Defendant, through its agent Creditor Iustus Et Remedium, LLP (hereinafter "CIR"), filed a state court debt collection case against Mr. Padilla, referenced as case number 37-2012-00054419-CL-CL-NC (hereinafter "Debt Case") seeking $9,920.79 in damages plus interest and attorney's fees. One of the claims made in the complaint was that there was an "account stated" between Mr. Padilla and Equable's alleged assignor even though Mr. Padilla has consistently and repeatedly disputed the charges.

13. On or around June 22, 2012, Defendants again mailed Mr. Padilla a collection letter. When Mr. Padilla again called Defendants to dispute the debt and again inform Defendants that he was a victim of identity theft, Mr. Padilla was not told that he had to write Defendants to inform them of the identity theft nor was he told of any documentation he would have to provide. Defendants again told him that it was his responsibility and he had to pay it. Defendants also threatened to damage his credit by reporting this matter on his credit report along with statements that Mr. Padilla could lose his house.

14. On information and belief, Defendants did report the fraudulent debt on Mr. Padilla's credit report and did not identify it as disputed.

15. Mr. Padilla was served with the lawsuit and timely filed an answer in the Debt Case where he reiterated, as an affirmative defense, that he had reported the card lost and stolen and that the charges incurred were not his. The Defendants received this answer.

16. On information and belief, Defendants have failed to diligently investigate Mr. Padilla's claims of identity theft. Defendants have continued to pursue their claims against Plaintiff and refused to cease collection activities.

17. On May 13, 2013 the Debt Case was heard in front of the Honorable Gregory W. Pollack. Judge Pollack determined that the card was stolen or lost and

that the full amount claimed was unauthorized. Judge Pollack ruled in favor of Mr. Padillo and determined that Mr. Padillo owed Equable nothing.

## V. FIRST CLAIM FOR RELIEF – FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through seventeen above.

19. Plaintiff brings the first claim for relief against all Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

20. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

21. Defendants are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

22. Upon information and belief, the financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

23. Defendants violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendants violated 15 U.S.C. §§ 1692d by acting in an abusive manner towards Plaintiff in their communications.

   b. Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692f(1) by repeatedly misrepresenting that Plaintiff owed them money.

   c. Upon information and belief Defendants violated 15 U.S.C. §§ 1692e and 1692e(8) by reporting false information to a credit reporting agency.

   d. Defendant violated 15 U.S.C. § 1692e(5) by threatening that Mr. Padilla could lose his house because such an action could not be legally taken as Mr. Padilla did not owe Equable any amount or alternatively, because Defendants did not intend to act in a manner that would result in Mr. Padilla losing his house.

24. As a result, Plaintiff suffered damages.

## VI. SECOND CLAIM FOR RELIEF – ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff brings the second claim for relief against all Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788 *et seq*.

26. Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through twenty-four above.

27. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal Civil Code § 1788.2(h).

28. Defendants are "debt collectors" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c) and their actions were willful.

29. Upon information and belief, the financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

30. Defendants violated the RFDCPA. Defendant's violations include, but are not limit to, the following:

    a. Defendants violated CAL. CIV. CODE § 1788.18(C) by not informing Plaintiff that he should provide a written dispute about his stolen credit card or informing Plaintiff about what specific documents, if any, Defendants would need to review Plaintiff's identity theft claim.

    b. Defendant violated CAL. CIV. CODE § 1788.17 by violating the FDCPA as outlined in the first claim for relief.

31. As a result, Plaintiff suffered damages.

## VII. THIRD CLAIM FOR RELIEF – IDENTITY THEFT IN VIOLATION OF CALIFORNIA CIVIL CODE § 1798.92, *et seq.*

32. Plaintiff brings the third claim for relief against Equable pursuant to California Civil Code §§ 1798.92-1798.97.

33. Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through thirty-one above.

34. Plaintiff is a victim of "identity theft" as that term is defined by Cal. Civ. Code § 1798.92(b) and Cal. Penal Code § 530.5.

35. Plaintiff is a "victim of identity theft" as that term is defined by Cal. Civ. Code § 1798.92(d).

36. Defendant, Equable, is a "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a).

37. Plaintiff had a card that was lost and believed stolen and reported this fact to the card issuer of the time. After notifying the card issuer of the lost and stolen card, an unauthorized individual or individuals used Plaintiff's "personal identifying information" as that term is defined by Cal. Civ. Code § 1798.92(c).

38. Defendants were informed that the Account was disputed due to identity theft on multiple occasions and in writing in Plaintiff's answer in the Debt Case.

39. Upon information and belief, Defendants failed to diligently investigate Plaintiff's notification of identity theft.

40. Judge Pollack, in the underlying Debt Case, has determined that the charges were unauthorized.

41. As a result, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

   a. Actual damages according to proof;

   b. Pursuant to Cal. Civ. Code § 1798.93(c)(6), Plaintiff is entitled to a civil penalty of up to $30,000 against Equable for its failure to diligently investigate Plaintiff's claims that he was a victim of identity theft;

   c. An award of costs and attorney's fees pursuant to Cal. Civ. Code § 1798.93(c)(5);

    d.  An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    e.  An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

    f.  An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

    h.  An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

    i.  Award Plaintiff any other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all triable issues of fact in the above captioned case.

s/ Samuel Henderson
Samuel Henderson
Attorney for Plaintiff


Respectfully submitted,

Date:  June 13, 2013          /s/ Samuel Henderson
Samuel Henderson
Attorney for Plaintiff Alfredo Padilla
Henderson@hendersonconsumerlaw.com